UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| USA,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN CHARLES KEINATH,<br><br>                    Defendant. | CASE NO. CR15-182 MJP<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(C)(1) |

This matter comes before the Court on Defendant John Keinath's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1). (Dkt. No. 40.) Having received and reviewed the following:

1. Defendant's Motion (Dkt. No. 40) and supporting exhibits (Dkt. No. 41);

2. Defendant's Memorandum in Support of the Motion (Dkt. No. 46) and supporting exhibits (Dkt. No. 46-1);

3. Plaintiff's Response (Dkt. No. 48) and supporting exhibits (Dkt. Nos. 48-1 & 50);

4. Defendant's Reply (Dkt. No. 54) and supporting exhibits (Dkt. No. 54-1);

and relevant portions of the record, the Court DENIES the Motion for Compassionate Release.

## Background

In 2015 Defendant pleaded guilty to one count of Felon in Possession of a Firearm, relating to nine guns seized in his possession. The Court imposed ten-year sentence as the Parties recommended. Defendant is serving his sentence at Federal Correctional Institute (FCI) Fairton in New Jersey and has a projected release date of December 3, 2023 followed by three years of supervised release. Defendant, age 49, appears to be obese and has heart condition for which he was diagnosed in 2018 and takes no medicine. Defendant also has a history of mental health issues for which he is not currently receiving any specialized medical treatment. And Defendant contracted COVID-19 in mid-December 2020, but has been largely asymptomatic.

## Analysis

Three conditions must be met before a previously imposed sentence may be reduced under the First Step Act:

> (1) The inmate must have exhausted administrative review of the failure of the Bureau of Prisons to motion to reduce on its own initiative, or waited until a lapse of 30 days after the request was made to the warden of his or her facility (whichever is earlier);
>
> (2) The inmate has presented extraordinary and compelling reasons for the reduction; and
>
> (3) The reduction must be consistent with the Sentencing Commission's policy statement found at USSG § 1B1.13.

18 U.S.C § 3582(c)(1)(A). The Sentencing Commission's policy statement is as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—

(1)(A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

18 U.S.S.G. Appx. § 1B1.13. The Sentencing Commission's policy statement is binding on this Court. See Dillon v. United States, 560 U.S. 817, 827 (2010).

Since the passage of the First Step Act, the Sentencing Commission has not provided guidance to the District Courts as to the definition of "extraordinary and compelling reasons." Be that as it may, the Court finds the Commission's definition of the term "extraordinary and compelling reasons" instructive. That guidance suggests that "extraordinary and compelling reasons" should de determined by examining: (1) the medical condition of the defendant, including any terminal illness, serious physical or medical conditions, serious functional or cognitive impairment or deteriorating physical or mental health due to advancing age that diminishes the defendant's ability to provide self-care in prison and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old, is experiencing serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) family circumstances including the death or incapacitation of the caregiver of the defendant's minor child or spouse or registered partner when the defendant would be the only available caregiver; and (4) other reasons that are not specifically defined. U.S.S.G. § 1B1.13, app. note 1.

Defendant does not meet the guidelines for compassionate release under the First Step Act. While Defendant has exhausted his administrative remedies, he has not demonstrated

1   "extraordinary and compelling" reasons for a reduction in his sentence. First, Defendant has not
2   claimed to be suffering from a terminal illness or a serious physical or medical condition.
3   U.S.S.G. § 1B1.13 cmt. n.1; see Dkt. No. 40 at 4. And the Court notes that although Defendant
4   contracted COVID-19 it does not appear that he suffered any serious symptoms despite his
5   medical conditions. Second, Defendant is not 65 years old and is not "experiencing a serious
6   deterioration in physical or mental health because of the aging process." U.S.S.G. § 1B1.13 cmt.
7   n.1; see Dkt. No. 40 at 4. Third, Defendant has not demonstrated family circumstances that show
8   an extraordinary or compelling reason to justify his early release. Having considered these
9   factors, including Defendant's COVID-19 infection, his concerns over re-infection, the spread of
10  COVID-19 at FCI Fairton, and his current medical conditions which may increase his risk of
11  serious illness due to COVID-19 infection, the Court does not find compelling and extraordinary
12  circumstances warrant his early release.
13      Even if Defendant had shown an extraordinary or compelling reason for release, he has
14  not convinced the Court that he "is not a danger to the safety of any other person or to the
15  community." 18 U.S.S.G. Appx. § 1B1.13. Defendant's underlying offense involved possession
16  of weapons as a felon with a lengthy criminal history involving narcotics, domestic violence, and
17  assault. Defendant has been sanctioned three times while in prison, including for possession a
18  dangerous weapon. So while U.S. Probation has approved Defendant's plan of release, the Court
19  cannot conclude that he would not pose a danger to the safety of the community given his
20  underlying offense and substantial criminal history. This is an independent basis on which the
21  Court finds early release inappropriate.
22      Having failed to meet the conditions set by statute for compassionate release, Defendant's
23  motion is DENIED.
24  \\

1     The clerk is ordered to provide copies of this order to all counsel.

2     Dated February 8, 2021.

*[signature]*

Marsha J. Pechman
United States District Judge