UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR15-182 MJP |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE |
| v. | |
| JOHN CHARLES KEINATH, | |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release. (Dkt. Nos. 40, 46.) Having reviewed the Motion, Defendant's Supplemental Memorandum (Dkt. No. 66), the Government's Responses (Dkt. No. 48, 69), the Reply (Dkt. No. 54), the United States Probation and Pretrial Service's Memorandum (Dkt. No. 45), all supporting materials (Dkt. Nos. 41, 46-1, 48-1, 50, 54-1, 68), and the Ninth Circuit's Memorandum (Dkt. No. 60), the Court GRANTS the Motion. The Court also GRANTS Defendant's Motion to Seal (Dkt. No. 67), and ORDERS that Dkt. No. 68 be maintained under seal.

**BACKGROUND**

In 2015 Defendant pleaded guilty to one count of Felon in Possession of a Firearm, relating to nine guns seized in his possession. The Court imposed a ten-year sentence as the Parties recommended. Defendant is serving his sentence at Federal Correctional Institute (FCI) Fairton in New Jersey and has a projected release date of December 3, 2023 followed by three years of supervised release.

Defendant, age 51, is obese and has heart condition (a bundle branch block) that was diagnosed in 2018. Defendant contracted COVID-19 in mid-December 2020, but recovered without apparent complications from his underlying health conditions. Defendant also has a lengthy history of substance abuse and addiction. But Defendant's supplemental briefing points to the fact that he has finished 598 hours in the RDAP program, completed Phase 2, and will likely complete Phase 3 in June 2022. (Dkt. No. 68-1 at 3.) And he appears to have been sober since 2015. (Id. at 4.) Defendant also has a history of mental health issues for which he is not currently receiving any specialized medical treatment. Defendant's reentry plan progress notes also report that he has "maintained clear conduct since his arrival at FCI Fairton" and "is not considered a disciplinary or management problem." (Id. at 11.) It appears Defendant's last infraction was in 2019. (Id. at 12.) Defendant has also participated in various educational programs while in federal custody. (Id.) And Defendant continues to plan to reside with his fiancée upon his release. The U.S. Pretrial and Probation Services has previously approved this plan and cited his fiancée's lengthy history of stable employment as a strong indication that Defendant will be supported upon release.

The Court previously denied Defendant's Motion for Compassionate Release. (Dkt. No. 55.) The Court found that Defendant had not shown extraordinary and compelling per the

Sentencing Guidelines sufficient to warrant compassionate release. The Court of Appeals for the Ninth Circuit then vacated that decision and remanded the matter so that the Court could consider the request in light of the ruling in United States v. Aruda, 993 F.3d 797 (9th Cir. 2021). Upon remand, the Court permitted the parties to file supplemental briefing to apprise the Court of any developments that were germane to the Motion that the Court should consider. (Dkt. No. 62.) The Court has since received and reviewed the supplemental briefing and materials in support thereof.

## ANALYSIS

**A.      Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" Dillon v. United States, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But "[u]nder 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for extraordinary and compelling reasons." United States v. Aruda, 993 F.3d 797, 799 (9th Cir. 2021) (quotation omitted). "[A]s part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court. . . ." Id. (citing Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018)). By its plain language, the First Step Act permits the Court to modify a sentence if: (1) the inmate has exhausted administrative review of a request for the Bureau of Prisons to move to reduce the sentence; (2) the inmate presents extraordinary and compelling reasons for the sentence reduction; and (3) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Ninth Circuit has concluded that a defendant need not show the requested reduction is consistent with the Sentencing Commission's policy statement, given that it is outdated and

therefore not "applicable." Aruda, 993 F.3d at 800-02. In reaching this conclusion, the Ninth Circuit adopted the reasoning of "the Fourth Circuit, [that] '[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" Id. at 801 (quoting United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted)). The Ninth Circuit has therefore concluded that "the Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802.

**B.     Compassionate Release**

Having considered Defendant's request under the more discretionary Aruda standard, the Court finds extraordinary and compelling reasons support the reduction in Defendant's sentence to time served.

First, the Court continues to find that Defendant has exhausted his administrative remedies.

Second, the Court finds that Defendant's existing health conditions, particularly his bundle branch block, pose a heightened risk of severe complications should he be reinfected with COVID-19. While the Court understands that Defendant recovered from his initial COVID-19 infection without complication, he still faces an increased risk of harm if reinfected.

Second, Defendant, who is now 51, has served the better part of his sentence, and is within a year-and-a-half of his projected release date. He has also demonstrated substantial efforts in addressing his history of substance abuse by participating in the RDAP program and remaining sober since 2015. Indeed, he is scheduled to go to the Residential Reentry Center at

Pioneer Human Services on December 12, 2022 and continue with RDAP until his release date in December 2023.

Third, Defendant has maintained a clean record while in custody and is "not considered a disciplinary or management problem." (Dkt. No. 68-1 at 11.) Defendant has not had any infractions noted since early 2019. So while the Court has concerns about Defendant's violent criminal history, it finds that Defendant has made substantial efforts to rehabilitate himself and that his conduct while in custody suggests he does not pose a danger to the community upon release. The Court also notes that his release plan includes reentry into a stable and supportive household and that he will have close supervision from Probation and Pretrial Services to assist in his continued substance abuse treatment.

Together, these present extraordinary and compelling circumstances that convince the Court that compassionate release is appropriate. The Court considers the fact that Defendant is close to his projected release date and is even closer to moving into a Residential Reentry Center. Compassionate release will expedite Defendant's transition into the community while still allowing him to continue with the work he has done to address his underlying history of addiction. The Court finds that Defendant likely faces a lower risk of COVID-19 reinfection if allowed to reside with his fiancée outside of the close confines federal custody. To this end, the Court has reviewed the release plan approved by the U.S. Pretrial and Probation Services, and finds that it is an appropriate means of assuring that Defendant can safely transition into the community while reducing risk to the community. Given all of these considerations, the Court GRANTS the Motion.

# CONCLUSION

The Court GRANTS the Motion for Compassionate Release. The Court reduces Defendant's term of imprisonment to time served and ORDERS that he be released within 14 days from the date of this Order to accommodate a quarantine period with the Federal Bureau of Prisons. If Defendant tests COVID-19 positive at any time during this quarantine period, BOP must notify the government who must then immediately notify the Court so this Order can be modified as appropriate. And Defendant shall be subject to three years of supervised release on the terms specified in the Judgment, which includes special conditions to help Defendant continue with his treatment for drug dependency and his mental health issues. (Dkt. No. 39.)

The Court also GRANTS Defendant's Motion to Seal (Dkt. No. 67), and ORDERS that Dkt. No. 68 be maintained under seal.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 16, 2022.

Marsha J. Pechman
United States Senior District Judge